MOXIE NERVE FOOD CO. OF NEW ENGLAND v. MODOX CO. et al.

(Circuit Court, D. Rhode Island. June 22, 1907.)

No. 2,659.

TRADE-MARKS AND TRADE-NAMES—SUITS FOR UNFAIR COMPETITION—COSTS.

In a suit for unfair competition in trade where the charge made against the defendant is established, but, owing to fraudulent representations made by complainant in respect to its goods, it is not entitled to relief in equity, neither party will be allowed costs.

In Equity. On defendant's motion for entry of final decree. For former opinion, see 152 Fed. 493.

Roberts & Mitchell, for complainant.
Charles A. Wilson and George H. Huddy, Jr., for defendants.

BROWN, District Judge. I am of the opinion that the bill should be dismissed without costs, in accordance with the rule stated in Daniell's Chancery Practice (1st Ed.) p. 1540:

"Where the conduct of both parties has been equally reprehensible, the court will also abstain from giving costs in favor of either party."

The following authorities, cited by counsel for the complainant, seem to show a settled practice to deny costs in cases like the present case: Fetridge v. Wells, 13 How. Prac. (N. Y.) 385; Leather Cloth Co. v. American Leather Cloth Co., 33 L. J. Ch. 199; Nixey v. Roffey, W. N. 1870, p. 227; Rodgers v. Rodgers, 31 L. T. N. S. 285; Ripley v. Bandey, 14 R. P. C. 591; Newman v. Pinto, 57 L. T. N. S. 31; Estcourt v. Estcourt, L. R. 10 Ch. App. 276; Warsop v. Warsop, 21 R. P. C. 481; Tallcot v. Moore, 6 Hun, 106; Lever Bros. v. Bedingfield, 16 R. P. C. 3; Borthwick v. Evening Post, 37 Ch. D. 449; Ainsworth v. Walmsley, L. R. 1 Eq. 518; Thornloe v. Hill (1894), 1 Ch. 569; Hostetter v. Van Vorst (C. C.) 62 Fed. 600; Edgington v. Edgington, 11 L. T. N. S. 299; Bass v. Dawber, 19 L. T. N. S. 626. See, also, 2 Daniell's Chancery (6th Am. Ed.) *p. 1397; Kerly on Trade-Marks (2d Ed.) p. 433; Hopkins on Trade-Marks, § 173; Paul on Trade-Marks, § 327; Sebastian on Trade-Marks (4th Ed.) p. 236.

A decree may be entered accordingly.